# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

HECTOR M. C.,[1]

    Plaintiff,

v.

ANDREW M. SAUL,[2]
Commissioner of Social Security,

    Defendant.

Case No. EDCV 19-00944-RAO

**MEMORANDUM OPINION AND ORDER**

Plaintiff Hector M.C. ("Plaintiff") challenges the Commissioner's denial of his application for a period of disability and disability insurance benefits ("DIB"). Plaintiff filed his application on July 26, 2012, alleging disability beginning on August 10, 2003. (Administrative Record ("AR") 209, 216.) This matter has been

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Pursuant to Federal Rule of Civil Procedure 25(d), Andrew M. Saul, the current Commissioner of Social Security, is hereby substituted as the defendant herein.

remanded twice (*see* AR 604, 852)[3], and a third unfavorable decision was issued by the Commissioner on March 13, 2019 (AR 731-40).

Plaintiff raises the following issues for review: (1) whether the ALJ has properly considered the relevant medical evidence of record in assessing Plaintiff's residual functional capacity ("RFC"); and (2) whether the ALJ has properly considered Plaintiff's subjective complaints and testimony under oath regarding his impairments, symptoms, and limitations in assessing Plaintiff's RFC. (Joint Submission ("JS") 6-7.) For the reasons stated below, the decision of the Commissioner is REVERSED, and the matter is REMANDED.

## I. The ALJ Failed to Properly Consider Plaintiff's Subjective Complaints and Testimony

Plaintiff contends that the ALJ's "unfavorable decision of March 13, 2019 . . . is not supported by substantial evidence of record in that the ALJ has failed to properly consider Plaintiff's subjective statements of record and testimony under oath regarding his impairments, symptoms, and resulting limitations, in assessing Plaintiff's [RFC]." (JS 15; *see* JS 15-19.)

The Court's review of the ALJ's decision discussing Plaintiff's subjective symptom testimony shows the following. In evaluating Plaintiff's symptoms, the ALJ began by reciting the relevant and familiar two-step analysis that an ALJ undertakes in assessing a claimant's testimony regarding the intensity, persistence, and limiting effects. (AR 735.) "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)) (internal quotation marks

---

[3] *Hector M. C. v. Berryhill*, Case No. CV 5:16-00957-RAO (C.D. Cal. filed May 10, 2016), and *Hector M. C. v. Berryhill*, No. CV 5:17-01839-RAO (C.D. Cal. filed Sept. 11, 2017). In both prior cases, the Commissioner stipulated to remand to the agency. *See* Dkt. No. 15, Case No. CV 5:16-00957; Dkt. No. 17, Case No. CV 5:17-01839.

2

omitted). Second, and if the ALJ does not find evidence of malingering, the ALJ must provide specific, clear and convincing reasons for rejecting a claimant's testimony regarding the severity of his symptoms. *Id.*

The ALJ subsequently summarized Plaintiff's testimony. (AR 735.) After summarizing Plaintiff's testimony, the ALJ found Plaintiff's symptoms were "inconsistent with the medical record." (*Id.*) The ALJ offered the following two sentences in support: "While the claimant had objective findings and treatment for CTS and lumbar spine degeneration, treatment appeared to be effective. After injections, surgery, and physical therapy in 2004, and treatment in 2005, there were sparse treatment records." (*Id.*)

After examining the ALJ's decision addressing Plaintiff's symptoms, the Court cannot discern on what ground or grounds the ALJ discounted Plaintiff's symptom testimony. *See Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony.") It is well settled that in assessing the credibility of a claimant's symptom testimony, the ALJ must identify what testimony was found not credible and explain what evidence undermines that testimony. *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). "General findings are insufficient." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

The Commissioner argues that the ALJ gave multiple valid reasons for finding Plaintiff's allegations were inconsistent with the overall evidence of record, "including inconsistency with the medical record, inconsistency with the level of treatment he received, and effectiveness of the treatment." (JS 19-20.) However, the Commissioner's arguments represent an attempt to explain what the ALJ may have been thinking, but failed to express in the written decision. *See Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1225-26 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning

and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking."); *see also Agsaoay v. Colvin*, No. 3:15-CV-02728-GPC-NLS, 2017 WL 1149285, at *8 (S.D. Cal. Mar. 28, 2017) (rejecting Commissioner's arguments where "no such line of argument or conclusion appears in the ALJ's decision"). Accordingly, the Court will not consider the Commissioner's arguments.

Because no malingering allegation was made, the ALJ was required to provide specific, clear and convincing reasons for rejecting Plaintiff's testimony regarding the severity of his symptoms. *Treichler*, 775 F.3d at 1102. Here, the ALJ failed to provide the level of specificity required to reject or discount Plaintiff's testimony. The ALJ provided two sentences that fail to explain the ALJ's reasoning in finding Plaintiff's testimony was inconsistent with the medical record. (*See* AR 735.) Moreover, the ALJ does not point to any documents within the Administrative Record in support of his finding. (*See id.*) Finally, the Court cannot find that such error was harmless "because [the error] precludes [the Court] from conducting a meaningful review of the ALJ's reasoning." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015); *see id.* at 492, 494-95. Thus, the ALJ erred in failing to provide sufficiently specific findings for the Court to conclude that the ALJ did not arbitrarily discredit Plaintiff's testimony. *See Thomas*, 278 F.3d at 958.

In sum, the Court concludes that the ALJ failed to properly consider Plaintiff's subjective symptom testimony by failing to provide clear and convincing reasons, supported by substantial evidence, for discounting Plaintiff's testimony. Accordingly, remand is warranted on this issue.

## II. The Court Declines to Address Plaintiff's Remaining Argument

Having found that remand is warranted, the Court declines to address Plaintiff's remaining arguments. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Augustine ex rel.*

*Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

### III. **Remand for Further Administrative Proceedings**

Plaintiff requests that the Court reverse the ALJ's decision, and remand for immediate payment of benefits. (JS 23.) Plaintiff contends that the there is "no benefit to further administrative proceedings with the [ALJs] who clearly have no intention of considering his subjective statements and testimony under oath regarding his symptoms and limitations." (JS 24.) In contesting the ALJ's evaluation of Plaintiff's testimony, Plaintiff notes that he "has yet to receive a full and fair hearing with proper consideration of his impairments, including the effects of his symptoms and limitations on his ability to perform and persist at full time work activity." (JS 18.) Additionally, Plaintiff notes that his statements regarding his symptoms and limitations have been consistent and reflect "an individual who is not capable of persisting at full time work activity." (JS 24.)

The Commissioner argues that, if the Court finds in favor of Plaintiff, the Court should remand for "further administrative development." (JS 24.) The Commissioner also contends that "Plaintiff's request that this Court grant benefits solely based upon his subjective symptom allegations is expressly contrary to the Social Security Act." (*Id.*)

"Generally when a court . . . reverses an administrative determination, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (quoting *INS v. Ventura*, 537 U.S. 12, 16, 123 S. Ct. 353, 154 L. Ed. 2d 272 (2002) (per curiam)); *King v. Berryhill*, No. 8:17-CV-00875-GJS, 2018 WL 2328217, at *4 (C.D. Cal. May 22, 2018) ("When the Court reverses an ALJ's decision for error, the Court ordinarily must remand to the agency for further

5

proceedings." (internal quotations omitted)). When further administrative review could remedy the ALJ's errors, remand for further administrative proceedings, rather than an award of benefits, is warranted. *See Brown-Hunter*, 806 F.3d at 495. Before ordering remand for an award of benefits, three requirements must be met: (1) the Court must conclude that the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) the Court must conclude that the record has been fully developed and further administrative proceedings would serve no useful purpose; and (3) the Court must conclude that if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Id.* (citations omitted). Even if all three requirements are met, the Court retains flexibility to remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* (citation omitted).

The Court finds that the ALJ failed to provide clear and convincing reasons supported by substantial evidence to discount Plaintiff's subjective testimony. *See supra* Section I. However, the Court cannot conclude that the record has been fully developed and that further administrative proceedings would not serve a useful purpose.

When "the record raises crucial questions as to the extent of [a claimant's] impairment given inconsistencies between his testimony and the medical evidence in the record," the Court cannot conclude that the record has been fully developed and that further administrative proceedings would serve no useful purpose because "[t]hese are exactly the sort of issues that should be remanded to the agency for further proceedings." *Brown-Hunter*, 806 F.3d at 495 (quoting *Treichler*, 775 F.3d at 1105) (alteration in original). The Court is required to determine whether "there are outstanding issues requiring resolution *before* considering whether to hold that the claimant's testimony is credible as a matter of law." *Id.* (quoting *Treichler*, 775 F.3d at 1105) (emphasis in original). Because "[t]he touchstone for an award of

benefits is the existence of a disability, not the agency's legal error," the Court is not required to credit Plaintiff's testimony as true solely because the ALJ erred in discounting Plaintiff's testimony. *Id.*

///

Here, the Court finds that the record raises crucial questions as to the extent of Plaintiff's impairments due to inconsistencies between his testimony and the medical evidence in the record. For example, Plaintiff testified that he could not grab items and hold them with his right hand. (AR 55, 777-78.) Additionally, he explained that his right arm and hand fall "asleep a lot" when he moves it a lot. (AR 56.) He reported having severe pain in his waist, such that he is unable to walk "too much" or sit down for "too long." (AR 59.) He also reported using a cane to walk. (AR 61-62, 781.) However, Bunsri T. Sophon, M.D., completed an orthopedic evaluation on November 18, 2008, approximately five months after Plaintiff's date last insured, which resulted in findings that are inconsistent with Plaintiff's testimony. (*See* AR 388-392.) As to Plaintiff's station and gait, Dr. Sophon found that there was no evidence of tilt or list and that Plaintiff sat comfortably during the examination. (AR 389-90.) Additionally, Plaintiff had no difficulty rising from his chair, presented with a normal gait, and did not use an assistive device to ambulate. (*Id.*) Plaintiff's range of motion of his upper and lower extremities was normal. (AR 390-91.) His cervical spine revealed normal curvature and full range of motion. (AR 390.) Plaintiff's thoracic and lumbar spine examination showed no evidence of tenderness or muscle spasm. (*Id.*) While the ALJ would not be able to rely solely on Dr. Sophon's findings to reject Plaintiff's testimony, the conflict between Dr. Sophon's findings and Plaintiff's testimony "create a significant factual conflict in the record that should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance." *Brown-Hunter*, 806 F.3d at 496. Accordingly, the Court finds that it would not be appropriate to remand this matter for an immediate award of benefits.

The Ninth Circuit has expanded the circumstances under which the credit-as-true rule can be applied to include situations in which there may be outstanding issues to be resolved. *See Vasquez v. Astrue*, 572 F.3d 586, 593-94 (9th Cir. 2009) ("[T]here are other factors which may justify application of the credit-as-true rule, even where application of the rule would not result in the immediate payment of benefits.") The "purpose of the credit-as-true rule is meant to discourage the ALJs from reaching a conclusion about a claimant's status first, and then attempting to justify it by ignoring any evidence in the record that suggests an opposite result." *Id.* at 594 (citing *Hammock v. Bowen*, 879 F.2d 498, 503 (9th Cir. 1989)). Additionally, the rule is meant to "ensure[s] that pain testimony is carefully assessed, and helps prevent unnecessary duplication in the administrative process." *Id.*; *Baltazar v. Berryhill*, No. CV 16-8132-E, 2017 WL 2369363, at *7 (C.D. Cal. May 31, 2017).

In *Vasquez*, the Ninth Circuit found that based on the claimant's advanced age and the severe delay in obtaining a resolution it was appropriate to apply the credit-as-true rule. 572 F.3d at 593-94. There the claimant was 58 years old and her claim had been pending for approximately seven years. *Id.*; *see also Hammock*, 879 F.2d at 500, 503 (finding that due to claimant's age, 57 years old at the time of hearing, and the fact that her claim had been pending at least eight years the ALJ must credit her testimony as true on remand); *Sanchez v. Berryhill*, No. EDCV 16-1774-FMO-MRW, 2018 WL 4694349, at *9 (C.D. Cal. July 19, 2018) (ordering the ALJ to credit as true where claimant was 52 years old and his claim was pending for six years).

Here, the Court recognizes that there has been a severe delay in obtaining a resolution. Plaintiff filed his application more than seven years ago on July 26, 2012. (AR 209, 216.) This delay falls squarely within the Ninth Circuit's precedent. However, unlike the claimants in *Vasquez* and *Hammock*, Plaintiff does not fall within the advanced age category. The advanced age category consists of people who are 55 years or older. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1069 (9th Cir. 2010) ("Social security regulations divide claimants into three age

8

categories: younger persons (those persons under age 50), persons closely approaching advanced age (those persons age 50–54), and persons of advanced age (those persons age 55 or older).") (citing 20 C.F.R. § 404.1563(c)–(e)). Plaintiff was 33 years old on his date last insured, 38 at the time of his first hearing, and 43 at the time of his second hearing. (*See* AR 47-77, 78, 748-92.) Because, Plaintiff does not fall within the advanced age category, *Vasquez* and *Hammock* are inapplicable. *See* 572 F.3d at 593-94; 879 F.2d at 500, 503; *but see New ex rel. JNJ v. Colvin*, 31 F. Supp. 3d 1120, 1129 (E.D. Wash. 2014) ("Claimant's young age and delay of more than six years from the date of the application make it appropriate for this Court to use its discretion and apply the 'credit as true' doctrine pursuant to Ninth Circuit precedent.").

While the Court gives significant consideration to the fact that Plaintiff's claim has been pending for more than seven years and that the matter has been remanded twice, it is unclear that these facts taken together, or on their own, *require* this Court to instruct the ALJ to credit Plaintiff's testimony as true on remand. While the seven-year delay is severe, the effect of the delay is not compounded by Plaintiff's age. As to the multiple remands, the Court is "mindful of the often painfully slow process by which disability determinations are made, and that a remand for further evidentiary proceedings (and the possibility of further appeal) could result in substantial, additional delay." *Giddings v. Astrue*, 333 F. App'x 649, 655 (2d Cir. 2009). However, the Court does not find, and Plaintiff does not point to, a rule requiring that evidence be credited as true after multiple remands. Moreover, courts have found remand for further proceedings to be appropriate, notwithstanding the fact that the matter had been previously remanded twice. *See Francia v. Astrue*, No. CV 09-07519-MAN, 2010 WL 4553438, at *10 & n. 15 (C.D. Cal. Nov. 3, 2010) (finding "remand is the appropriate remedy to allow the ALJ the opportunity to remedy the . . . deficiencies and errors," where the court was remanding for a third time).

///

Because the record as a whole, for the reasons discussed above, creates serious doubt as to whether the Plaintiff is, in fact, disabled within the meaning of the Social Security Act, the Court exercises its discretion and remands for further proceedings. *See Brown-Hunter*, 806 F.3d at 495.

On remand, the ALJ shall reassess Plaintiff's testimony regarding his symptoms and limitations, and either credit his testimony as true, or provide specific, clear and convincing reasons, supported by substantial evidence in the case record, for discounting or rejecting any testimony. Next, based on the reevaluation of Plaintiff's subjective symptom testimony, and considered in light of the medical evidence of record, the ALJ shall reassess Plaintiff's RFC. Finally, the ALJ shall proceed through step four and, if warranted, step five to determine, whether Plaintiff can perform his past relevant work or any other work existing in significant numbers in the regional and national economies.

Because the matter is now being remanded for a third time, "the Court directs that this matter be dealt with in an expeditious manner to avoid unnecessary delay and further potential prejudice to [P]laintiff." *Francia*, 2010 WL 4553438, at *10.

## IV. <u>CONCLUSION</u>

IT IS ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits and REMANDING the matter for further proceedings consistent with this Order.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: February 28, 2020

*Rozella A. Oliver*
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

### NOTICE

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**